**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ENRIQUE HERNANDEZ, on behalf of themselves and similarly situated employees ) ) ) ) Plaintiff ) ) Case No. v. ) ) Judge HENIFF TRANSPORTATION SYSTEMS, LLC ) ) ) Defendant ) ) | |

**COMPLAINT**

Plaintiff Enrique Hernandez, (hereinafter, "Plaintiff"), on behalf of himself and similarly situated individuals, for their Complaint against Defendant Heniff Transportation Systems, LLC., (hereinafter, "Defendant"), states as follows:

**I.    NATURE OF THE CASE**

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants': 1) failure to pay Plaintiff at the least the federally and/or state-mandated minimum wages for all time worked in violation of the FLSA, the IMWL; and 2) failure to compensate Plaintiff for all time worked at the rate agreed to by the Parties in violation of the IWPCA; and 3) failure to compensate Plaintiff and similarly situated employees for all accrued vacation pay upon separation of their employment in violation of the IWPCA; For claims arising under the IWPCA for unpaid vacation, Plaintiff will seek to certify these claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 15 U.S.C. §1693 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

**A.** **Plaintiff**

3. During the course of his employment, Enrique Hernandez:

   a. was an "employee" as that term is defined by the FLSA, the IWPCA, 820 ILCS 105/2 and the IMWL, 820 ILCS 115/3(d);

   b. has resided within this judicial district in Illinois; and

   c. has handled goods that have moved in interstate commerce;

**B.** **Defendant**

4. At all relevant times, Defendant Heniff Transportation Systems LLC:

   a. has been a limited liability company organized under the laws of the State of Illinois;

   b. has conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

   d. has had two or more employees who have handled goods which have moved in interstate commerce; and

   e. has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*;

## IV. FACTUAL BACKGROUND

8. Defendant is in the business of transporting bulk liquid chemicals.

9. Defendant was Plaintiff's employer.

10. Plaintiff worked for Defendant as an hourly employee performing various duties, including washing the tanks in which Defendant transported liquid chemicals.

11. Plaintiff was employed by Defendant from approximately early in the year 2013 through approximately early October 2016.

12. Plaintiff had an agreement, as that term is defined by the IWPCA, with Defendant to be paid at the rate of $18.50 per hour for all time worked.

13. Additionally, as part of the agreement between Plaintiff and Defendant and similarly situated employees, Defendant maintained a company-wide vacation policy as part of the compensation package for Plaintiff and other similarly situated employees, which provided that employees who had more than six months with Defendant would earn up to 19 days of paid vacation depending on their length of employment with Defendant.

14. During the course of their employment with Defendant, Plaintiff and other similarly situated employees of Defendant did, in fact, earn vacation pay.

15. Other similarly situated employees of Defendant likewise earned vacation pay during the course of their employment and within the ten (10) years prior to Plaintiff filing this lawsuit.

16. Pursuant to Illinois law, vacation pay vests as it is earned.

17. Plaintiff and other similarly situated employees of Defendant, were not paid for or given all of their earned vacation time when it became due and owing.

18. Upon leaving their employment with Defendant Plaintiff and other similarly situated employees were not paid for all of their earned vacation as part of their final compensation.

19. Additionally, when Plaintiff's employment with Defendant ended, Plaintiff was not paid for his last two weeks of work for Defendant.

20. Defendants' failure to compensate Plaintiff for his last two weeks of work resulted in violations of the minimum wage requirements of the FLSA and the IMWL.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff will seek to certify as a class action pursuant to FRCP Rule 23 his claim arising under the IWPCA (Count IV) for unpaid vacation. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendant to account for all hours worked and vacation paid to the class members during the temporality of the class.

22. Count IV is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed hundreds of persons during the IWPCA Class Period;

    b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

        (i) Whether Plaintiff and the Class earned vacation pay as they worked for Defendant;

        (ii) Whether Defendant failed to compensate Plaintiff and the Class for accrued vacation pay as part of their final wages; and

        (iii)    Whether Defendant's policy of not paying out accrued vacation pay upon employment termination constituted a violation of the IWPCA.

    c.    The class representative and the members of the class have been equally affected by Defendant's failure to pay all earned wages, including vacation pay;

    d.    Given the nature of the industry, members of the class will be reluctant to bring forth claims for fear of retaliation;

    e.    The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant and the Court.

23.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act- Minimum Wages

24.    Plaintiff incorporates and re-alleges paragraphs 1 through 23 of this Complaint, as though set forth herein.

25.    The matters set forth in this Count arise from Defendant's violation of the minimum wage provisions of the FLSA.

26.    Defendant suffered and permitted Plaintiff to work, and Plaintiff did in fact perform work for Defendant during the relevant time period.

27.    Defendant did not compensate Plaintiff at least at the federal minimum wage rate for all time worked during Plaintiff's last two weeks of work for Defendant.

28. Plaintiff was not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate for all time worked.

29. Defendant violated the FLSA by failing to compensate Plaintiff at least at the federal minimum wage rate for all time worked.

30. Plaintiff is entitled to recover unpaid minimum wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A judgment in the amount of all unpaid minimum wages;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. That the Court declare that Defendant has violated the FLSA;

D. That the Court enjoin Defendant from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Minimum Wages

31. Plaintiff incorporates and re-alleges paragraphs 1 through 30 of this Complaint, as though set forth herein.

32. The matters set forth in this Count arise from Defendant's violation of the minimum wage provisions of the IMWL. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

33. Defendant suffered and permitted Plaintiff to work, and Plaintiff did in fact perform work for Defendant during the relevant time period.

34. Defendant did not compensate Plaintiff at least the Illinois-mandated minimum wages for all time worked during Plaintiff's last two work weeks with Defendant.

35. Pursuant to 820 ILCS 105/4, Plaintiff was entitled to be compensated the Illinois-mandated minimum wages for all time worked.

36. Defendant violated the IMWL by failing to compensate Plaintiff at least the Illinois-mandated minimum wage rate for all time worked.

37. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

B. A judgment in the amount of all unpaid minimum wage as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
**(Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages)**

50. Plaintiff incorporates and re-allege paragraphs 1 through 49 as though set forth herein

51. This Count arises from Defendant's violation of the IWPCA for its failure to pay Plaintiff wages for all time worked at the rate agreed to by the parties as described more fully in paragraphs 8-20, *supra*.

52. During the course of his employment with Defendant, Plaintiff had agreements within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties.

53. Defendant did not pay Plaintiff for all hours worked at the rates agreed to by the parties as described more fully in paragraphs 8-20, *supra*.

54. Plaintiff was entitled to be paid for all time worked at the rate agreed to by the parties.

55. Defendant's failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

56. Plaintiff was entitled to recover owed wages for his last two weeks of work.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all straight time back wages due Plaintiff as provided by the IWPCA;
B. That the Court declare that Defendant has violated the IWPCA;
C. That the Court enjoin Defendant from violating the IWPCA;
D. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;
E. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Vacation Pay
*Class Action*

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

57. This Count arises from Defendant's violation of the IWPCA, 820 ILCS 115/1 *et seq.*, for its failure to compensate Plaintiff and the Class for all earned vacation pay as described more fully in paragraphs 8-20, *supra*

58. During his employment Defendant, Plaintiff was subject to a vacation policy that provided that after working one year with Defendant, Plaintiff would accrue up to fourteen days of vacation pay.

59. During the IWPCA class period, other similarly situated employees of Defendant were likewise subject to the same vacation policy.

60. The IWPCA provides that, in Illinois, earned vacation pay vests proportionally as labor is performed. 820 ILCS 115/2 & 5. 56 Ill. Admin. Code §300.520.

61. During the IWPCA class period, Plaintiff and other similarly situated employees of Defendant earned vacation pay but did not receive a *pro rata* share of their earned vacation pay.

62. Upon termination, an employee is entitled to receive the monetary equivalent of earned vacation pay as a part of his/her final compensation pursuant to Illinois law. 820 ILCS 115/2 & 5. 56 Ill. Admin. Code §300.520.

63. At the time of his termination from employment, Plaintiff and other similarly situated employees of the Defendant were not paid the monetary equivalent of their earned vacation by the Defendant as a part of their final compensation.

64. Defendant's policy and practice not paying Plaintiff and similarly situated employee's accrued vacation as part of their final compensation violated the IWPCA.

65. The Class that Plaintiff seeks to represent in regard to the claim for vacation pay arising under the IWPCA is composed of and defined as all persons who have been employed by Defendant for at least six months since January 13, 2007 and whose employment with Defendant has ended.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of the monetary equivalent of all earned vacation pay due Plaintiffs and the Class as provided by the IWPCA;

C. Statutory damages pursuant to the formula set forth in the IWPCA, 820 ILCS 115/14;

D. That the Court declare that Defendant's vacation policy violates the IWPCA;

E. That the Court enjoin Defendant from violating the IWPCA in the future;

F. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq*;

G. Such other and further relief as this Court deems appropriate and just.

    Respectfully submitted,

Dated: January 13, 2017

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys

10