# EXHIBIT A

## SETTLEMENT AGREEMENT AND WAIVER/RELEASE

This Settlement Agreement and Waiver/Release ("Agreement") is entered into between ENRIQUE HERNANDEZ (hereafter, "Plaintiff") and HENIFF TRANSPORTATION SYSTEMS, LLC. ("Defendant") (collectively, the "Parties").

Plaintiff filed a Complaint with the United States District Court for the Northern District of Illinois alleging violations of the wage payment requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act, such case identified by case number 17-CV-0298 (the "Lawsuit").

Plaintiff and Defendant now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters raised in the Lawsuit by Plaintiff.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

1. **Consideration**
In consideration for the promises made in this Agreement, Defendant shall pay Plaintiff the gross amount of Six Thousand Dollars ($6,000.00). Payment shall be issued within seven days of the Court's approval of this Agreement and dismissal of the Lawsuit without prejudice, with such dismissal to automatically convert to a dismissal with prejudice 30 days after such filing (in order to allow the Parties to carry out the terms of such settlement during such 30-day period). All payments shall be sent to Plaintiff's Counsel's address (53 W. Jackson Blvd, Suite 701, CHICAGO, IL, 60605) and apportioned and paid as follows:

    (i) **Payment to Plaintiff** A total payment of $3,100.00 shall be issued in a check to Plaintiff. It is understood and agreed that the payment to Plaintiff shall be for wages and shall be subject to withholding for taxes, including state, federal, and FICA taxes. To the extent all of these wages were not accounted for in Plaintiff's IRS form W-2 for year 2016, Defendant will issue Plaintiff an IRS form W-2 for any portion of the amount that was not so included. Plaintiff's IRS form issued by Defendant will be generated using tax records Defendant already has on file for the Plaintiff.

    (ii) **Payment to Workers' Law Office, P.C.:** A total payment of $2,900.00, shall be issued to Plaintiff's attorneys, Workers' Law Office, P.C., for Plaintiff's attorneys' fees and costs. An IRS form 1099 will be issued to Plaintiff and Workers' Law Office, P.C. by the Defendant for this payment. Workers' Law Office, P.C. agrees to provide to Defendant a completed and signed From W-9 as a condition of receiving the payment described herein.

2. **Retention of Jurisdiction**
The United States District Court for the Northern District of Illinois shall retain jurisdiction to enforce the terms of the Agreement.

1



**3.  Release and Covenant Not to Sue**

In further consideration of the promises made by Defendant, Plaintiff releases and forever discharges Defendant and its current and former parents, subsidiaries, affiliates, divisions, shareholders, owners, members, officers, directors, attorneys, insurers, agents, employees, successors, and assigns, and the Defendant's parents', subsidiaries', and affiliates' divisions, shareholders, owners, members, officers, directors, attorneys, agents, employees, successors, and assigns (collectively referred to as the "Defendant Releasees") from all claims for unpaid minimum wages, overtime wages, and wages at the rate agreed to by the Parties, including vacation pay, under the Fair Labor Standards Act, as amended, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and all other claims for unpaid wages under any other local ordinance and federal or Illinois statute and federal or Illinois regulation. For the avoidance of doubt, the two final two paychecks previously tendered to Plaintiff may no longer be negotiated/cashed/deposited, and the payments described in Section 1 shall be deemed to include such amounts.

**4.  Non-Admission**

Plaintiff and Defendant agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendant. Plaintiff and Defendant further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the Parties or unless ordered by a court of competent jurisdiction), except one instituted by either party alleging a breach of this Agreement.

**5.  Full Knowledge, Consent, and Voluntary Signing**

The Parties agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Agreement; and the Parties been advised to consult with an attorney, and in fact each has consulted with an attorney.

**6.  Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

This Agreement may be signed in counterparts. Faxed signatures shall be treated as originals.

HENIFF TRANSPORTATION SYSTEMS, LLC.        ENRIQUE HERNANDEZ

_____             _____

Its:_____

Date: _____         Date: _____